IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
98 MAY 18 AM 11: 15
U.S. DISTRICT COURT
N.D. OF ALABAMA

LIBERTY NATIONAL LIFE INSURANCE )
COMPANY, )
    PLAINTIFF, )
     )
VS. )  CV97-H-0977-E
     )
HUGHLEN T. HICKS, )
    CLAIMANT. )

ENTERED
MAY 18 1998

**MEMORANDUM OF DECISION**

On April 13, 1998, claimant Hughlen T. Hicks filed a motion seeking summary judgment granting him entitlement to those funds remaining from the monies originally interpled by Liberty National Life Insurance Company. The monies interpled were the proceeds from two life insurance policies insuring the life of Charles Hicks. Originally the interpled funds totaled nine thousand two hundred eighty and 13/100 dollars ($9,280.13).

On July 14, 1997 the court ordered that $4,000.00 of the funds be paid to Miller Funeral Home. Then on September 17, 1997 the court ordered $1,000 of the funds to be paid to Liberty National Insurance Company as attorneys' fees and costs associated with this interpleader action. At this time Hughlen T. Hicks asserts that he is entitled to the remaining $4,280.13 balance.

Charles Hicks, the insured, was the adult brother of Hughlen Hicks and suffered from Down's syndrome. See Hicks Amended Claim

at ¶ 2. Charles's siblings, Arthur Hicks, Hughlen Hicks and Clara McClendon cared for Charles. Id. at ¶¶ 2 and 5. Originally Arthur Hicks was the named beneficiary on the life insurance policies. Id. at ¶ 2. Arthur Hicks predeceased Charles Hicks. On or about November 1, 1995, Change of Beneficiary Forms were executed naming Hughlen T. Hicks as the primary beneficiary on both policies insuring the life of Charles Hicks. See Attachments to Hicks's Amended Claim. Charles Hicks died on October 11, 1996. See July 14, 1997 Memorandum of Decision for a more complete factual summary. Clara McClendon filed a claim in this action on May 13, 1997. However, McClendon died on or about May 25, 1997. The court dismissed McClendon as a party to this action on February 13, 1998. On April 9, 1998 the court denied a belated attempt by attorney Bayne Smith, the personal representative of the estate of Charles Hicks, to add the estate as a party to this action.

In addition to being the named beneficiary on the policies at issue, Hughlen Hicks is the only remaining claimant in this action and the only living sibling of the insured. The court agrees with Hughlen Hicks that there remains no legal dispute and no issues of material fact concerning this matter. Therefore, the court concludes that Hughlen Hicks is entitled to judgment as a matter of law in his favor and the granting of his motion for summary judgment. A separate judgment will be entered in favor of Hughlen T. Hicks for the remaining principal balance of

$4,280.13, plus interest accured less an Administrative Assessment Fee.

DONE this the \_\_\_18th\_\_\_ day of May, 1998.

_____
SENIOR UNITED STATES DISTRICT JUDGE